UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
ORIX FINANCIAL SERVICES, INC.
formerly known as
ORIX CREDIT ALLIANCE, INC.

                           Plaintiff,

           - against -

PHILIP A. BARONE, JR.

                         Defendant.
---------------------------------x

JUDGE SCHEINDLIN

08 CV 0354

COMPLAINT

JAN 15 2008
U.S.D.C. S.D.N.Y.
CASHIERS

      The Plaintiff, ORIX FINANCIAL SERVICES, INC. formerly known as ORIX CREDIT ALLIANCE, INC. by its attorneys, STEIN & STEIN, complaining of the Defendant hereby alleges:

### JURISDICTIONAL FACTS

      1. The jurisdiction of this action is based upon diversity of citizenship, 28 U.S.C. 1332. The amount in controversy, exclusive of interest and costs exceeds the sum of $75,000.00.

      2. The Plaintiff ORIX FINANCIAL SERVICES, INC. ("OFS" or "Plaintiff") formerly known as ORIX CREDIT ALLIANCE, INC. (OCAI") was and still is a New York corporation maintaining its principal place of business at 600 Town Park Lane, Kennesaw, Ga 30144.

      3. Upon information and belief, Defendant, PHILIP A. BARONE, JR., is a citizen of the State of California.

      4. Venue in the County of New York, State of New York, is based upon contractual agreement thereto between the Defendant and the Plaintiff as set forth in a written Note and

1

personal and unconditional Guaranty executed by the Defendant in favor of the Plaintiff, such documents being referred to and more particularly described hereinafter.

## AS AND FOR A FIRST CLAIM

5.   On or about November 8,2000 ASCM Manufacturing Corporation(hereinafter referred to as "ASCM") entered into a certain Promissory Note-Security Agreement(hereinafter referred to as the "Note") in an amount of $ 180,300.00 payable to the order of the OCAI in consideration for and as evidence of the indebtedness of ASCM to OCAI resulting from its financing of the acquisition of certain commercial equipment, to wit: one Akira Seiki Vertical Machining Center M64 Control and Double Arm Changer and one Akira Seiki Turning Center w/Fanuc O Control (said commercial equipment being hereinafter referred to collectively as the "Equipment").  The Equipment was to be used in connection with ASCM's business activities.  A true and correct copy of the Note is annexed hereto, made a part hereof, and marked **Exhibit "A".**

6.  ASCM  executed a Delivery/Installation Certificate, Waiver and Agreement whereby they acknowledged complete and satisfactory delivery of the Equipment free from any defenses, offsets or counterclaims, and which ASCM waives as against OCAI.

7.   The defendant, PHILIP A. BARONE,JR. executed a personal guaranty(hereinafter referred to as the "Guaranty") wherein he agreed to be obligated for the due performance of all obligations due by ASCM. A copy of the Guaranty is annexed hereto as **Exhibit "B"**.

8. On September 26, 2000, OCAI changed its name of record to ORIX FINANCIAL SERVICES, INC. As a consequence of said change of name, and without limitation or restriction of any kind in law or fact, OFS succeeds to all of the rights of OCAI under the Note, the Guaranty and any and all agreements, contracts, instruments and other documents relating thereto.

9. ASCM defaulted in the payments required to be made under and pursuant to the terms of the Note by failing to make the payment due thereunder on September 4, 2002 and on the 4th day of each month thereafter, when due, and, as a result, OFS accelerated the balance owed under and pursuant to the terms of the Note.

10. Pursuant to the terms and conditions of the Note, subsequent to and predicated upon the above-mentioned default of under the Note, Plaintiff located and peaceably took possession of the Equipment.

11. On July 9, 2003 and October 21, 2003, OFS conducted sales of the Equipment, upon due prior written notice thereof to the Defendant and in a commercially reasonable manner in accordance with applicable law.

12. At said sales, the Equipment was sold for a gross purchase price of $45,250.00. The total amount of costs and expenses of the sales of the Equipment was $ 1,800.78. Pursuant to the terms of the Note and applicable law, OFS is entitled to, and did, deduct said amount of its costs and expenses relating to the sale from the aforesaid gross purchase price received by it from said sale. Consequently, a credit was applied to the account

of $43,449.22.

13. Pursuant to the terms and conditions of the Note and Guaranty there is due and owing to OFS from PHILIP A. BARONE,JR the sum of $101,092.86 plus late charges on payments received late in the aggregate amount of $1,612.18, plus default interest of $25,935.23, on the unpaid balance from the day after the default on September 4,2002 to the date of the last sale less the resale credit of $43,449.22. totaling the sum of $85,191.05 plus default interest at the post-maturity rate set forth in the Note (1/15th of 1% per day thereon) from the day after the last sale on October 21,2003 and attorneys' fees in the amount of $17,038.20 (20% of the total balance due under the Note), no part of which has been paid, although duly demanded.

WHEREFORE, the Plaintiff, demands judgment against the Defendant as follows:

On the First Claim the sum of the sum of $101,092.86 plus late charges on payments received late in the aggregate amount of $1,612.18, plus default interest of $25,935.23, on the unpaid balance from the day after the default on September 4,2002 to the date of the last sale less the resale credit of $43,449.22. totaling the sum of $85,191.05 plus default interest at the post-maturity rate set forth in the Note (1/15th of 1% per day thereon) from the day after the last sale on October 21,2003 and attorneys' fees in the amount of $17,038.20(20% of the total balance due under the Note)

```
Dated: Haverstraw, New York          S/_____

       January 8,2008                WILLIAM M. STEIN-WS6263
                                     STEIN & STEIN
                                     Attorneys for Plaintiff
                                     One Railroad Square
                                     Haverstraw, NY 10927
                                     (845)  429-3900
```

zb12246orixfed

# EXHIBIT "A"

# PROMISSORY NOTE - Security Agreement
## (Non-Motor Vehicle) Page 1 of 2

$ __180,300.00__ (Amount)     Date: __NOV. 8, 2000__

After Date, **FOR VALUE RECEIVED**, The undersigned, jointly and severally, if more than one - ("Maker(s)"), having its principal place of business at:
__45272 INDUSTRIAL DRIVE__ (Address)   __FREMONT__ (City)   __CALIFORNIA__ (State)   __94538-0000__ (Zip)

Promise(s) to **PAY TO THE ORDER OF ORIX CREDIT ALLIANCE, INC.**, a New York corporation ("OCAI"), at any office of OCAI, or such other place as OCAI hereafter may from time to time in writing designate, the sum of __ONE HUNDRED EIGHTY THOUSAND THREE HUNDRED AND 00/100__ Dollars ($ __180,300.00__)

payable in consecutive monthly installments, as follows:
- __60__ installment(s), each in the amount of $ __3,005.00__;
- then ___ installment(s), each in the amount of $ ___;
- then ___ installment(s), each in the amount of $ ___;
- then ___ installment(s), each in the amount of $ ___;
- then ___ installment(s), each in the amount of $ ___;
- then ___ installment(s), each in the amount of $ ___;

Such consecutive monthly installments shall begin on the __4__ day of __February, 2001__ and shall continue on the same date of each consecutive month thereafter until this Promissory Note - Security Agreement (this "Promissory Note") shall be fully paid and satisfied. The Maker(s) authorizes and directs OCAI to deduct the Itemized Charges from the Total Proceeds of this Promissory Note and to pay the Net Proceeds of this Promissory Note directly to the following seller(s):

$ __137,420.00__ to __ADVANCED MACHINE TOOLS, INC.__; and
$ __0.00__ to ____. The

proceeds of this Promissory Note are being used to purchase the following item(s) of Equipment described below and or in any Schedule A attached hereto such item(s), together with all accessories, attachments, replacements, substitutions and accessions thereto, and all proceeds, products and rents therefrom herein collectively called the "Equipment"):

1. NET PROCEEDS OF NOTE .......................... $ __137,420.00__
2. ITEMIZED CHARGES
   (a) Transaction Charge ............................ $ __0.00__
   (b) Documentary or Offical Fees .................. $ __0.00__
   (c) Other (describe) .............................. $ __0.00__
   TOTAL ITEMIZED CHARGES (a through c) .. $ __0.00__
3. TOTAL PROCEEDS OF NOTE (1 + 2) .......... $ __137,420.00__
4. FINANCE CHARGE ................................ $ __42,880.00__
5. FACE AMOUNT OF NOTE (3 + 4) ............. $ __180,300.00__

| Quantity | Description | Year And Model | Serial Number |
|---|---|---|---|
| 1 | AKIRA SEIKI VERTICAL MACHINING CENTER, W/ MISUBISHI M64 CONTROL AND DOUBLE ARM CHANGER | PERFORMA V4A | 00VGN 311-401 |
| 1 | AKIRA SEIKI TURNING CENTER W/ FANUC O CONTROL | SL-30 | 00TD 169-112 |

Each complete with all related accessories and attachments thereto.

The Equipment will be located at (address): __45272 INDUSTRIAL DRIVE__   County __ALAMEDA__   State __CALIFORNIA__

## INSURANCE COVERAGE

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS AGREEMENT. Maker(s) acknowledges that the loan made to Maker(s) hereunder is based upon Maker's(s') express agreement to each of the following provisions:

1. **DISCLAIMER.** Maker(s) has selected the Equipment and negotiated the purchase of the Equipment directly with the seller(s) named above. The Equipment has been delivered to and accepted by Maker(s) in satisfactory condition. Based upon these assurances OCAI has agreed to lend to Maker(s) the Total Proceeds of this Promissory Note and to pay the Net Proceeds hereof to the dealer(s) named above. MAKER(S) ACKNOWLEDGES AND AGREES THAT OCAI HAS NOT MADE AND DOES NOT MAKE ANY REPRESENTATIONS OR WARRANTIES, DIRECTLY OR INDIRECTLY, EXPRESS OR IMPLIED, AS TO THE SUITABILITY, OR FITNESS FOR USE OR FOR ANY PARTICULAR PURPOSE, OR AS TO MERCHANTABILITY, DESIGN, CONDITION OR QUALITY, OR AS TO ANY OTHER MATTER WITH RESPECT TO THE EQUIPMENT, AND MAKER(S) WAIVES ALL RIGHT TO CLAIM AS AGAINST OCAI ANY BREACH OF ANY REPRESENTATION OR WARRANTY WITH RESPECT TO THE EQUIPMENT.

2. **MAINTENANCE AND USE.** Maker(s) represents that the Equipment is being acquired for commercial purposes only and not for personal, family, household or farming use, Maker(s) will keep the Equipment located at the address shown above, and unless and until Maker(s) shall notify OCAI and OCAI shall approve in writing Maker(s) shall not change the address at which the Equipment is principally garaged. Maker(s) will keep the Equipment in good condition and repair, will not misuse, abuse or illegally use the Equipment, will permit the Equipment to be used only by qualified personnel in the regular course of Maker's(s') business, and will be responsible for all loss or damage to the Equipment from any cause whatsoever. Maker(s) will not permit the Equipment to leave the forty-eight (48) contiguous States of the United States. OCAI may inspect the Equipment at regular times and from time to time. Maker(s) will not sell the Equipment or remove or permit to be removed any parts, equipment, accessories, attachments, replacements, substitutions or accessions now or hereafter placed upon the Equipment.

3. **DEFENSE OF TITLE; SECURITY INTEREST.** Maker(s) is the lawful owner of the Equipment. The Equipment is free and clear and will be kept free and clear of any liens or encumbrances (except the security interest of OCAI created hereunder). Maker(s) has paid or caused the sellers named above to pay all sales, use, excise, personal property or other taxes arising out of or imposed upon the sale, purchase, ownership, possession or use of the Equipment, and Makers(s) will indemnify and hold OCAI harmless from and against any loss, cost or expense, including penalties, interest and other charges connected with any such taxes. Maker(s) grants OCAI a security interest in the Equipment, together with all accessories, attachments, replacements, substitutions and accessions thereto, and all proceeds, products and rents therefrom wherever located (all of the foregoing collectively called "Collateral") and agrees that said security interest secures the payment, performance and fulfillment of all obligations of Maker(s) to OCAI or any affiliate of OCAI whether such obligations are now existing or hereafter incurred or arising, are contingent or non-contingent, are direct or indirect, arise by assignment or otherwise or are contemplated or not contemplated as of the date of this Promissory Note. OCAI is hereby authorized to file one or more financing statements or a reproduction hereof as a financing statement. Maker(s) hereby irrevocably appoints OCAI as the true and lawful attorney-in-fact of Maker(s), coupled with an interest, with full power in Maker's(s') name, place and stead to execute financing statements and such other applications and/or documents on Maker's(s') behalf and to do any and all other acts on Maker's(s') behalf necessary or helpful to perfect OCAI's security interest in the Collateral pursuant to the Uniform Commercial Code, or other applicable law.

4. **INSURANCE.** Injury to or loss from whatever source, shall not release Maker(s) from payment of all amounts due under this Promissory Note. For so long as any amounts are due under this Promissory Note, the Maker(s) will, at its expense, keep the Equipment insured for not less than the Balance (as defined below) of this Promissory Note under policy(ies) of physical damage insurance with combined additional coverage and collision, theft and/or vandalism and malicious mischief coverage where appropriate, together with such other insurance as OCAI may specify, in form, type and amount of coverage and insuror satisfactory to OCAI, and, upon failure of Maker(s) to deliver to OCAI, policy(ies) representing such insurances, OCAI shall have the right, but not the obligation, to provide insurance for its interest and charge OCAI's cost for such insurance, together with OCAI's or OCAI's designee's customary charges or fees associated with OCAI's insurance. All policies of insurance shall have a standard long-form loss payable indorsement naming OCAI as sole loss payee. Each policy shall provide that OCAI's interest therein will not be invalidated by the acts, omissions or neglect of anyone other than OCAI and will contain the insurer's agreement to give OCAI thirty (30) days prior written notice of cancellation or any material change before it becomes effective as to OCAI. Maker(s) hereby irrevocably appoints OCAI as Maker's(s') ATTORNEY-IN-FACT to make claim for, receive payment of, and endorse all documents, checks or drafts received in payment of any loss or damage under, any insurance. Maker(s) represents and warrants that all of the information contained on any application for title, insurance or licenses with respect to the Equipment is and shall be true and correct in all respects.

5. **PAYMENT.** A late charge of one fifteenth of one percent (1/15 of 1%) per day but not to exceed any maximum permitted by applicable law (the "Past Due Rate") shall be imposed on any and all installments not received in good funds when due and on any other amounts owing by Makers hereunder and unpaid. OCAI shall not by acceptance of overdue installments or by any act or omission to act be deemed to have waived any right under this Promissory Note. OCAI may apply and/or change application of any sums paid and/or to be paid by Maker(s) under this Promissory Note or any other obligation of Maker(s) at the time held by OCAI to any other obligation of Maker(s) at the time held by OCAI. If for any reason any charge imposed of which may be imposed under this Promissory Note exceeds the maximum amount which may be imposed under applicable law, the amount of such charge in excess of the maximum shall be void and any such excess collected by OCAI applied to the reduction of this Promissory Note or to other obligations of the Maker(s) at the time owing to OCAI, as OCAI may determine, and any remaining excess shall be refunded to Maker(s).

6. **PREPAYMENT.** At all times hereunder, provided that Maker(s) has not been and is not in default under this Promissory Note or any other obligation to OCAI, Maker(s) shall have the right to prepay its obligations hereunder in full but not in part (the "Prepayment Option") upon at least thirty (30) days prior written notice to OCAI, specifying the proposed date for prepayment, on which date the prepayment amount computed below (the "Prepayment Amount") will be paid in good funds. Except to the extent otherwise required by applicable law, the Prepayment Option is, if requested by OCAI, conditioned upon and available to Maker(s) only if Maker(s) shall simultaneously with the exercise of the Prepayment Option under this Promissory Note pay or prepay, as the case may be, the unpaid amounts under any other obligation of Maker(s) then held by OCAI. The Prepayment Amount under this Promissory Note shall be the sum of the following as of the pre-payment date specified in the notice: (i) all amounts then due and unpaid under this Promissory Note; (ii) the unpaid installments over the remaining term of this Promissory Note, discounted to Present Value (as defined below); and (iii) a premium equal to (a) the amount determined in clause (ii), multiplied by (b) the greater of 3% or 1-1/2% multiplied by the number of remaining years (counting a partial year as a whole year for the purposes hereof) under the term of this Promissory Note; provided that, in no event shall the Prepayment Amount exceed an amount which would cause OCAI to be deemed to have contracted for, charged or received any amount in excess of the highest lawful rate. "Present Value", as used herein, means the present (to the specified date of prepayment) worth of the remaining installments discounted on an actuarial basis (computed for the actual days elapsed in a year consisting of twelve (12) thirty (30) day months) at the rate of return implicit over the original term of the Promissory Note (i.e., determined based upon the number, timing and amount of the payments calculated with respect to the original Principal of this Promissory Note which will be deemed to have been invested on the date of this Promissory Note).

7. **CERTAIN REPRESENTATIONS.** Maker(s), if it is a corporation, represents and warrants that it is duly incorporated and in good standing and has all necessary corporate power and authority to execute and deliver this Promissory Note and that this Promissory Note is a valid and binding obligation of the Maker(s). Maker(s), if it is a limited liability company, represents that it is in good standing under the laws of the state where it is established, that it has all necessary power and authority to execute and deliver this Promissory Note, and that this Promissory Note is a valid and binding obligation of the Maker(s). Maker(s) expressly represents and warrants that title to the Equipment originated with the sellers named above and not with Maker(s) and that prior to the execution of this Promissory Note, Maker(s) did not either directly or indirectly have any interest in the Equipment, that no part of any down-payment for the Equipment was loaned directly or indirectly by the seller(s) named above to Maker(s), and that Maker(s) has not and will not directly or indirectly receive any part of the Net Proceeds of this Promissory Note.

PN/SA-FXD-PKD-GEN(10-99)     ORIGINAL FOR ORIX CREDIT ALLIANCE, INC.     NET 9.05

## TERMS AND CONDITIONS OF PROMISSORY NOTE (Continued) Page 2

8. **DEFAULT.** Time is of the essence of this Promissory Note. If Maker(s) fails to pay any installment or other amount when due, or defaults in the prompt and faithful performance of any of the terms and conditions hereof or any security agreement, instrument or guaranty relating to the obligations of this Promissory Note (a "Related Writing") or any other agreement with OCAI, or becomes insolvent, or changes its management, operations, ownership or control of its stock, or dissolves, or if bankruptcy, receivership or any other insolvency proceeding is instituted by or against Maker(s), or if OCAI shall at any time deem the Equipment in danger of misuse, concealment or misappropriation, or if OCAI shall deem itself insecure (any of the foregoing referred to as a "Default"), then OCAI may, without notice or demand, all of which are expressly waived, declare immediately due and payable all remaining installments under this Promissory Note discounted to Present Value to the date of Default together with all installments then due and unpaid and any late charges unpaid thereon and any Collection Costs, attorneys' fees and any and all other sums owing to OCAI (all collectively called the "Balance"), whereupon the Balance shall immediately be due and payable, and Maker(s) will immediately deliver possession of the Collateral to OCAI who may, without notice or demand or legal process, to the extent permitted by law, (1) recover the Balance, together with interest thereon at the Past Due Rate; (2) repossess the Collateral, which Maker(s) shall assemble at and deliver to a place designated by OCAI (Maker(s) hereby authorizes and empowers OCAI, or its designee, to enter upon any premises where the Collateral may be found and take possession and carry away same without process of law) and (A) retain Collateral and all payments made hereunder, or (B) retain all payments and sell Collateral at public or private sale with the right in OCAI to purchase any Collateral at such sale), applying the net proceeds to all charges and expenses incurred by OCAI in connection with the repossession, storage, repair, refurbishing and sale, including attorneys' fees, then to the Balance plus interest at the Past Due Rate thereon, then to any other amounts owing by Maker(s) to OCAI, and then pay any overplus to Maker(s) and the Maker(s) shall remain liable for any deficiency with interest thereon at the Past Due Rate plus reasonable attorneys' fees (which are agreed to be equal to 20% of such sum), or (C) retain the Collateral and all payments made hereunder, credit Maker(s) with the then reasonable value of the Collateral and recover from Maker(s) any deficiency with interest at the Past Due Rate plus said reasonable attorneys' fees, or (D) pursue any other remedy permitted by law or equity. It is agreed that any amount to be retained by OCAI and the Balance to be paid by Maker(s) under this paragraph shall not be as a penalty but as liquidated damages for the breach hereof. The remedies provided for herein may be exercised, to the extent permitted by law, successively or concurrently and the exercise of one shall not bar the other. Maker(s) and any Endorser(s) hereof agree that any public sale will be deemed commercially reasonable if notice thereof is mailed to them at least ten (10) days before such sale and advertised in at least one newspaper of general circulation in the area of the sale at least twice prior to the date of sale upon terms of 25% cash down and the balance within 24 hours and further agree that any private sale shall be deemed commercially reasonable if notice thereof is mailed to them at least 14 days before the sale date stated therein and credit given for the price stated. OCAI, not being in the equipment business or in light of Maker's(s') obligation to maintain equipment, shall not be required to refurbish, repair or otherwise incur expenses in connection with preparing the Collateral for sale but may sell its interest therein on an "as-is", "where-is" basis.

9. **ENFORCEMENT.** As part of the consideration for making the advance represented by this Promissory Note, OCAI, maker(s) and any endorser(s) hereby designate and appoint Edwin M. Baum, Esq. and C-A Credit Corp., both of New York, or either of them, as their true and lawful attorney-in-fact and agent for them and in their name, place and stead to accept service of any process within the state of New York, the party causing such process to be served agreeing to notify the other party(ies) at their address indicated above, or their last known address, by certified mail, within three days of such service having been effected. OCAI, Maker(s) and any endorser(s) hereof agree to the EXCLUSIVE VENUE AND JURISDICTION OF ANY COURT IN THE STATE AND COUNTY OF NEW YORK for all actions, proceedings, claims, counterclaims or crossclaims arising directly or indirectly in connection with, out of, or in any way related to this promissory note, whether based in contract or in tort or at law or in equity, with the sole exceptions that an action to obtain possession of all or part of the Collateral or any other assets of the Maker(s) or endorser(s) however denominated and equitable proceedings to enforce the terms of this promissory note, may, in the sole discretion of OCAI, be brought in a state or federal court having jurisdiction over the Collateral, and/or such other assets, and that judgments may be confessed, entered, or enforced in any jurisdiction where the Maker(s) or any endorser(s), or the Collateral and/or any other assets of the Maker(s) or endorser(s) may be located. OCAI, Maker(s) and any endorser(s) each waive any right they or any of them may have to transfer or change the venue of any litigation brought in accordance herewith. Maker(s) and any endorser(s) hereby irrevocably authorize any attorney of any court of record to appear for and confess judgment against Maker(s) or endorser(s) (except in any jurisdiction where such action is not permitted by law) for the Balance and other monies due to OCAI plus expenses and 20% of the total of such amount added for Attorneys' Fees, without stay of execution, and Maker(s) and any endorser(s) hereby waive and release relief from any and all appraisement, stay or exemption laws then in force and further waive, with full knowledge of Maker's(s') and any endorser's(s') rights and the effect of this waiver, any rights to a hearing prior to any retaking of collateral by OCAI.

10. **CERTAIN WAIVERS.** TO THE MAXIMUM EXTENT PERMITTED BY LAW, MAKER(S), ALL ENDORSERS AND OCAI, EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES (A) ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY FOR ANY AND ALL CLAIMS, DEFENSES, COUNTERCLAIMS, CROSSCLAIMS AND SETOFFS OR RECOUPMENT CLAIMS ARISING, DIRECTLY OR INDIRECTLY OUT OF, UNDER OR IN CONNECTION WITH THIS PROMISSORY NOTE, WHETHER BASED IN CONTRACT OR IN TORT, AND (B) ANY RIGHT EACH MAY HAVE TO CLAIM OR RECOVER IN ANY SUCH LITIGATION ANY PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. FURTHER, EACH OF SUCH PERSONS AND ENTITIES HEREBY CERTIFIES THAT NEITHER ANY REPRESENTATIVE OR AGENT OF OCAI NOR ITS COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT OCAI WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THESE WAIVERS. Maker(s) and all endorsers and all other parties to this Promissory Note hereby waive presentment for payment, demand, protest, notice of protest and notice of dishonor, notice of acceleration, appraisement and exemption laws. Maker(s) and all endorser(s) each does hereby waive, forego and agree not to assert any and all rights, claims and defenses, if any, under the FEDERAL EQUAL CREDIT OPPORTUNITY ACT and/or the FEDERAL FAIR CREDIT REPORTING ACT and/or under any comparable state laws that may inure to the benefit of Maker(s) or endorser(s) in connection with this Promissory Note. Maker(s) and any endorser(s) each hereby ratifies and approves the obtaining by OCAI of any credit report(s) relating to Maker(s) or any endorser(s) and hereby agrees that OCAI may hereafter obtain such credit report(s) as OCAI in its sole discretion may determine.

11. **MISCELLANEOUS.** This Promissory Note contains the entire agreement of the parties and may not be modified except in writing. A waiver on one occasion shall not operate as a waiver on a future occasion. Maker(s) warrants and agrees that Maker(s) has not received possession of the Equipment prior to the date hereof. Maker(s) agrees to permit OCAI to inspect Maker's(s') books and records at reasonable times and to furnish to OCAI, upon request, financial information in form, preparation and content satisfactory to OCAI. Intending that each and every provision of this Promissory Note be fully effective according to its terms, the parties agree that the validity, enforceability and effectiveness of each provision hereof and the obligations, rights and remedies of the Maker(s), any endorser(s) and OCAI in any way related to or arising under this Promissory Note shall be governed by and construed in accordance with the laws of the State of New York (excluding its choice of law rules). If any one or more provisions hereof are in conflict with or in violation of any applicable statute or law, and thus not valid or enforceable, then each such provision shall be deemed null and void, but only to the extent of such conflict and/or violation and without invalidating or affecting the remaining provisions hereof. The obligations of the Maker(s) and any endorser(s) shall survive any payment or pre-payment of this Promissory Note. This Promissory Note shall be binding upon the heirs, administrators, legal representatives and successors of the Maker(s) and any endorser(s). Each person signing this Promissory Note warrants full authority to sign. This Promissory Note and all Related Writings, together represent the final agreement of Maker(s) and OCAI and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no oral agreements between the parties.

MAKER(S) ACKNOWLEDGES RECEIPT OF A SIGNED, TRUE AND EXACT EXECUTED COPY OF THIS PROMISSORY NOTE-SECURITY AGREEMENT.

ASCM MANUFACTURING CORPORATION

X _____
(Witness)

MAKER:
By: (√) X _____
(S.S. or Tax I.D.#)   (Driver's License #)

_____
(Witness)

MAKER:
By: (√) _____
(S.S. or Tax I.D.#)   (Driver's License #)

_____
(Witness)

_____
(Witness)

# EXHIBIT "B"

# GUARANTY

**TO: ORIX CREDIT ALLIANCE, INC.**

RE: ASCM MANUFACTURING CORPORATION

Gentlemen:

To induce you to enter into one or more equipment lease agreements and/or one or more security agreements, including but not limited to conditional sale agreements, leases, chattel and/or real estate mortgages, notes or other deferred or time payment paper, and/or any and all agreements relating to the purchase of such paper or documents or both (all of the foregoing hereinafter called "Security Obligations") with the above-captioned (hereinafter, together with its successors and assigns, called the "Subject"), and/or to induce you to purchase and/or accept an assignment of Security Obligations from Subject and/or to induce you to purchase and/or accept one or more assignments from any party or parties of one or more Security Obligations having Subject as obligor thereon, and/or in consideration of your having heretofore done any or all of the foregoing, we, the undersigned (and each of us if more than one) agree to be, without deduction by reason of set-off, defense or counterclaim of Subject and /or us, jointly, severally, directly and unconditionally liable to you for the due performance of all such Security Obligations past, present and future, and any and all subsequent renewals, continuations, modifications, supplements and amendments thereof, and for the payment of any and all debts and other obligations of Subject of whatever nature, whether matured or unmatured, whether absolute or contingent and whether now or hereafter existing or arising or contracted or incurred or owing to or acquired by you by assignment, transfer or otherwise (such debts and other obligations referred to herein as "General Obligations"). Any and all present and future debts and obligations of Subject to us are hereby waived and subordinated to the full payment and performance of all past, present and future debts and obligations of Subject to you. We affirmatively represent and warrant to you that we will not transfer any personal assets to any party without full and valuable consideration in money's worth for said transfer and we understand that in reliance upon and in consideration of this representation, specific credit accommodations as described above are being extended to the Subject by you. We hereby waive notice of acceptance hereof and of all notices of any kind to which we may be entitled, including without limitation any and all demands of payment, notices of non-payment, protest and dishonor to us or Subject or makers, or endorsers of any notes or other instruments for which we are or may be liable hereunder. You shall be entitled to hold any and all sums to our credit and any of our property at any time in your possession as security for any and all of our obligations to you, no matter how or when arising and whether under this instrument or otherwise. We further waive notice of and hereby consent to any agreement or arrangements whatever with Subject or anyone else, including without limitation, agreements and arrangements for payment extension, subordination, composition, arrangement, discharge or release of the whole or any part of Security Obligations, or for releases of collateral and/or other guarantors, or for the change or surrender of any and all security, or for compromise, whether by way of acceptance of part payment or of returns of merchandise or of dividends or in any other way whatsoever, and the same shall in no way impair our liability hereunder. The liability hereunder of each of the undersigned is direct and unconditional and may be enforced without requiring you first to resort to any other right, remedy or security and shall survive any repossession of property whether or not such constitutes an election of remedies against Subject; nothing shall discharge or satisfy our liability hereunder except the full performance and payment of all Security Obligations and General Obligations with interest. We shall have no right of subrogation, reimbursement or indemnity whatsoever and no right of recourse to or with respect to any assets or property of Subject or to any collateral for Security Obligations, unless and until all Security Obligations and General Obligations shall have been paid and performed in full and if the undersigned shall be deemed to be an "insider", (as the term is used in Bankruptcy Code) then all rights of subrogation are waived. If you become involved in any lawsuit against any of us or concerning a breach of any covenant or agreement herein contained, we shall be obligated to pay to you, and you may obtain judgment for, (a) all unpaid balances and any other monies due to you from Subject; (b) all costs and expenses of any such suit; (c) 20% of the sum of (a) plus (b), representing attorneys' fees (which sum is deemed to be reasonable), plus (d) interest on (a), (b) and (c) at the highest lawful rate provided for in any of the Security Obligations until such sum is paid in full (the sum of (a), (b), (c) and (d) called "the Judgment Amount"). **As part of the consideration for your entering Into and/or purchasing and/or accepting an assignment of one or more Security Obligations with Subject as obligor thereon, we hereby designate and appoint Edwin M. Baum, Esq. and C-A Credit Corp., both of New York, or either of them, as our true and lawful attorney-in-fact and agent for each of us and in our name, place and stead to accept service of any process within the State of New York, you agreeing to notify us by depositing in the United States mails, certified mail, postage prepaid, written notice of such service addressed to us at our address shown hereinbelow, within three (3) days of such service having been effected and the undersigned do hereby agree to the exclusive venue and jurisdiction of any State or Federal court in the State and County of New York regarding any matter arising hereunder.** We hereby irrevocably authorize any attorney of any court of record to appear for and confess judgment against any one or more of us (except in any jurisdiction where such action is not permitted by law) for the Judgment Amount, without stay of execution, and we hereby waive and release relief from any and all appraisement, stay or exemption laws then in force. We agree that if we or Subject shall at any time become insolvent, or make a general assignment, or if a petition in bankruptcy or any insolvency or reorganization proceeding shall be commenced by, against or in respect of us or, Subject, any and all of our obligations shall, at your sole option, forthwith become due and payable without notice. You may appropriate and apply to any of our obligations any and all balances, sums, property, credits, deposits, accounts, reserves, collections, monies, drafts, notes or checks coming into your possession and belonging to us and endorse our name thereon for deposit, negotiation, discount or collection. We have not relied upon any representations or warranties in connection with the execution and delivery of this instrument and our obligations hereunder are absolute and unconditional notwithstanding the invalidity or unenforceability of any of the Security Obligations or General Obligations or of this instrument. This instrument is a continuing guaranty and shall continue in full force and effect, notwithstanding the death of any of us, until the full performance, payment and discharge of all Security Obligations and General Obligations, and thereafter until actual receipt by you from us of written notice of termination; such termination shall be applicable only to transactions having their inception thereafter. Termination by one or more of us shall not affect the liability of such of us as do not give such notice of termination.

No representations and/or agreements not set forth herein have been made to us. We hereby assert and confirm that we executed and entered into this instrument voluntarily and without any coercion, duress or undue influence of any kind, whether directly or indirectly, having been exerted upon us by you or any of your employees, agents or representatives. **In further consideration for your entering into any of the Security Obligations and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the undersigned, individually and for his or her heirs, executors, administrators, personal representatives, successors and assigns, does hereby waive, forego and agree not to assert any and all rights, claims and defenses, if any, under the Federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 et seq. and Regulations promulgated thereunder, that may inure to the benefit of the undersigned as a result of your obtaining or our executing this instrument. We hereby ratify and approve the obtaining by you of credit reports relating to us and hereby agree that you may hereafter obtain such credit reports as you may, in your sole discretion, determine.**

The words "you" and "your" as used herein shall mean and include and this instrument shall apply in favor of and be severally enforceable by any addressee hereinabove named and/or any concern which is or may at any time be the parent, subsidiary of such parent, subsidiary or assignee thereof. **We knowingly, voluntarily and intentionally waive any and all right to a trial by jury of any and all claims, defenses, counterclaims, crossclaims and setoff or recoupment claims arising either directly or indirectly between you and us and/or involving any person or entity claiming any rights acquired by, through or under any of the Security Obligations or General Obligations and we further waive any and all right to claim or recover any punitive or consequential damages or any other damages other than or in addition to, actual damages.** This instrument cannot be changed orally, shall be interpreted according to the laws of the State of New York, (excluding its choice of law rules), shall be binding upon the heirs, executors, administrators, successors and assigns of each of the undersigned and shall inure to the benefit of your successors and assigns.

Dated: 11/8/00

WITNESS: X

Driver Lic#_____ St.____

Individual Acknowledgment
State of
County of
} ss.

I, _____, a Notary Public duly qualified in and for said County and State, do hereby certify that on this_____ day of _____, _____ in (place) _____ in said County, before me personally appeared: PHILIP A. BARONE, JR. to me personally well known as and to be the identical person(s) named and described in and party to and who executed in his/her/their own proper handwriting and whose name(s) is / are subscribed to the instrument of writing appearing on the above, bearing date as herein indicated, and produced and delivered the same before me and who, upon being first duly sworn by me, stated that he/she/they know the contents of said instrument to be his/her/their own free, lawful and voluntary act and deed for the uses, purposes and consideration therein mentioned and contained.

Given under and witness my hand and official seal the day and year in this certificate first above written.

PHILIP A. BARONE, JR.
_____ (L.S.)
(Personal Guarantor's Signature)
Address: 731 Via Del Sol
Livermore     California     94550
Driver Lic.# A7954082      St. CA

My Commission Expires: _____

Notary Public

GTY(1-00)

NET 9.05